# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| STEVEN EUGENE SMITH, | : |
| Plaintiff, | : |
| VS. | : |
| | : **7 : 10-CV-90 (HL)** |
| JAMES D. PRESCOTT and NACOMBA D. HADLEY, | : |
| Defendants. | : |

# ORDER and RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is a Motion to Dismiss filed by the Defendants. (Doc. 14). The Plaintiff filed this action on July 28, 2010, raising allegations regarding his confinement at Valdosta State Prison in April 2010. (Doc. 1). Plaintiff alleges that he was attacked by several other inmates at Valdosta State Prison on April 16, 2010 and that the Defendants failed to protect him from the attack. *Id.*

The Defendants have filed a Motion to Dismiss, alleging that Plaintiff has failed to exhaust administrative remedies. A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act ("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper. Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.
> *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in the Defendants' motion and the Plaintiff's responses does not reveal a conflict. Plaintiff admits that he did not pursue his underlying claim of failure to protect by means of the grievance process in place at Valdosta State Prison, but chose instead to pursue an appeal of the disciplinary action imposed on him as a result of the underlying incident. The Defendants and Plaintiff agree that Plaintiff never filed any form of grievance regarding the claims underlying this lawsuit. Accepting Plaintiff's allegations as true, Plaintiff's claims are subject to dismissal pursuant to the first step of the analysis.

The Defendants establish, by means of the affidavit testimony of Artis Singleton, Grievance Coordinator at Valdosta State Prison, that a grievance system was in place at Valdosta State Prison at the time of the incidents underlying this lawsuit. (Doc. 14, Singleton Affidavit, ¶¶ 5-9). The Defendants contend, supported by the affidavit testimony of Artis Singleton, that Plaintiff failed to file any grievance of any type regarding the events and claims underlying this lawsuit. *Id.* at ¶¶ 10, 12. Ms. Singleton provides that the disciplinary report process is separate from the grievance process, and that "DR's are issued to inmates when they commit an infraction of prison rules, whereas grievances are available to all inmates to express complaints about the conditions of their confinement." *Id.* at ¶ 11.

Although the Plaintiff states in his Complaint that he presented the facts relating to his complaint to the appropriate grievance committee, he states that he only pursued the appeal of his disciplinary report and did not go through the grievance process, because "grievances are rarely answered to especially as something in high caliber as this". (Doc. 1, § II. D.) However, a plaintiff's belief that the grievance process would prove futile does not excuse his failure to exhaust administrative remedies through the available grievance process. *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted; those remedies need not

meet federal standards, nor must they be 'plain, speedy, and effective.'"); *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Alexander v. Hawk*, 159 F.2d 1321, 1326 (11th Cir. 1998) ("Since exhaustion is now a pre-condition to suit, the courts cannot simply waive those requirements where they determine they are futile or inadequate."). Moreover, although the Plaintiff asserts that disciplinary action is not grievable under the Georgia Department of Corrections' grievance policy, the events underlying this lawsuit which gave rise to Plaintiff's failure to protect claims were grievable, and Plaintiff only raises and seeks relief for a failure to protect claim in his Complaint. (Doc. 14-2, Singleton Affidavit, at ¶ 11); (Doc. 14-4, Georgia Dep't. of Corrections S.O.P. IIB05-0001 (VI) (A)(5)); (Doc. 1).

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in that, he has not utilized available remedies to grieve the alleged offenses of the Defendants. The affidavit testimony in support of the Defendants' Motion to Dismiss establishes the presence of a grievance system at Valdosta State Prison and establishes that the Plaintiff filed no grievances regarding the events in question during his confinement at Valdosta State Prison. The evidence before the Court shows that Plaintiff did not properly pursue and exhaust the grievance procedure, leaving administrative remedies unexhausted. The PLRA "requires proper exhaustion". *Woodford*, 548 U.S. at 92. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must comply with any administrative "deadlines and other critical procedural rules" in place. *Id.* The Court finds that the Defendants have met their burden to establish that the Plaintiff failed to exhaust his administrative remedies.

Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written

objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

Defendants' Motion to Stay the discovery period during the pendency of their motion to dismiss is hereby **DENIED** as moot. (Doc. 21).

**SO ORDERED and RECOMMENDED**, this 9th day of June, 2011.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb